RECEIVED

IN THE CIRCUIT COURT AND
FOR THE Judicial District and for
The United States federal district court
P.O. Box 711, Montgomery, Alabama 36130

EXIBIT "A"

Prose Petitioner MOSES KNIGHT, Prose
AIS 109958 P.O Box 5107
Bullock Mental Health Prison
VS        Union Springs, Alabama 36089
                                    defendant

Respondent, STATE OF ALABAMA

Preamble:   defendants

**TRAVERSE** to U.S.C.A **2254** 2nd
Petitioner's MEMORANDUM to His Rule 32 &
Showing Specific" His "Grounds", for Relief federal
In Invoking 28 U.S.C.S. 2254 of F.R.C.P. of
Rule 56 (e) On Personal Knowledge of facts

GROUNDS
I.

1) The Petitioner Contends, His Two Life Sentences &
   Ten Years, Violates Constitutional amendment Eight
   to The cruel an unusual Punishment Clause for
   The following Reasons

2) The Petitioner's Plea of Guilty, was a Plea on His
   Insanity DEFENCE, The Legal fact does show The
   Petitioner Has Been Held on His Improper Felonies
   That Prosecution, Contended Stemmed from one
   Tranzation, That Commission The Crime

II.

2) WHETHER Involuntarly manslaughter, Classified
   as Murder or Manslaughter was Product of Code 1940
   2nd Code 1975  13A-5-9, 13A-6-2, 13A-1-9(a) 13A-6-4.

- 17 -

Table of Citations to Issues         Page(s)

WHETHER HABEAS CORPUS IS AVAILABLE to Effect discharge from Any Confinement, Contrary to the Constitutions of Fundamental Law, Even Though Imposed Pursuant to Conviction By a Court of Competent Jurisdiction
                    VI. VII.

Preiser v. Rodriguez ---- 411 US 486 --- P. 23, 24, 25,

Ex parte Lange, ---- 18 Wall 163, 21 L.Ed 872 --- 23,

- 18 -

TABLE OF CONTENTS                Page(s)

Affidavit of Substantial Hardship
------------------------------- 1,2,
Petition for Writ Habeas Corpus ---- 3-16.
Traverse ------------------- 17-26
Certificate of Service -------- 26.

## Statement of Facts

The Petitioner MOSES KNIGHT #109958, Is [A] Mental-Health Patience, who was called upon to Enter [A] Plea of Guilty to The Indictments, Constituting multiple offences.

The Trial Court Simular Situated In the State of Alabama.

1) Charged Moses Knight with First Degree murder

2) the murder In Question Could Not have Been Nothin more Than, Involuntary Manslaughter, which was Not, Preplaned, But upon the face of Admissions

3) Moses Knight was A Mental Health Arrested Defendant, who Suffered from Schizophrenia, A Bio-Polar disorder.

4) The Petitioner Now Contends, Had He had Proper Treatment, the Crime, Could Have Possibely Been Prevented

### III.

5) The Petitioner Does Not Deny, he Committed Some form, of Involuntary manslaughter But It was Error, for The Trial Court, i.e. to (Elevate, Involuntary manslaughter) to murder ONE, for The following Reasons) See Petitioner's Grounds.

- 20 -

## Statement of Case Facts

The said Affidavit Alledgelly supporting the warrant and Indictment Is Totally defective or otherwise Invalid where the words of Involuntary Manslaughter Is missing describing The Murder In Question, or Cause for Elevation of Involuntary manslaughter, to the grater offence

State Courts, have discussed the Elevation In details Chavers v. State Exparte Chavers, And 361 So. 2d 1106 - Through 1107.

Where The Trial Judge fail to Inform the defendant of All The Elements of The LESSER Degree of (Homicide murder) when There Is A Reasonable Theory As to the Question, what did The defendant PLEA Guilty to?

## Facts

Facts would Suggest, was MOSES Knight The defendant Charged, was His PLEA of Guilty Voluntary and Unstandebely made?

The Petitioner Contents It was Not, BECAUSE The Trial Judge failed to Inform His that Involuntary manslaughter, Is Not A Felony for A Sentence Constituting (2 Life Sentences) And Ten Years.

-3/-

## Statement Issues

### IV.

Whether [A] federal Habeas Corpus should Issue when the Petitioner Contends, His Two Life Sentence And Ten years must Have Stemmed from he the Petitioner, beening misInformed (As to All) The Element of murder, Constituting, The grater offence For Cole's Elevation. ____2.

### V.

Whether the Petitioner, Plea of Guilty was [A] Plea on His Insanity Defense, And If Such, Is True did The Trial Court Error, In Elevating the Lesser Offence By a Plea of Guilty i.e. to the grater offence, thereby, making the Sentences (Void In Question) where the InVoluntariness of the Petitioner's Plea Now Invoke, Boykins v. Alabama, 395 U.S. 238, That was "No factual Basis to Establish In the Record the Petitioner, Plea of Insanity, warranted [A] Two Life Sentences, And where Such Is Imposed on [a] mentally InCompeant defendant, federal Courts, usually Called for mistrial on The InVoluntariness of the Mentally Ireland form Plea ____3.
2.

---

2. Chavers v. State 361 So.2d 1106-1107

3. Boykin v. State 595 U.S. 238

-22-

Jurisdiction

## VI.

Habeas Corpus Is Available to Effect discharge from Any Confinement contrary to The Constitutions of fundamental Law, Even Though Imposed Pursuant to Conviction by a Court of Competent Jurisdiction

WHETHER THE SENTENCING COURT HAD JURISDICTION to SENTENCE, [A] MENTALLY, MENTAL HEALTH, DEFENDANT?

## VII

The original view of a Habeas Corpus attack upon detention under a Judicial order was a limited one

The relevant Inquiry was confined to determining simply whether or not The Commiting Court had been possessed of Jurisdiction, E.g. Ex parte Kearney, 7 wheat 38, 5 LEd 391 (1822); Ex parte Watkins, 3 Pet 193, 7 L.Ed 650 (1830), But over The years, the writ of Habeas Corpus Evolved as [A] Remedy available to effect discharge from Any Confinement, Contrary to The Constitution or fundamental Law, Even Though Imposed Pursuant to Conviction by a Court of Competent Jurisdiction, see Ex parte Lange, 18 Wall 163, 21 L.Ed 872, (1874); Ex parte Siebold, 100 U.S. 371, 25 L.Ed 717 (1880). Ex parte Wilson, 114 US 417, 29 L.Ed 89, 5 S.Ct.935 (1885)! Moore v. Dempsey, 261 U.S. 86, 67 L.Ed 543, 43 S.Ct 265 (1923), Johnson v. Zerbst, 304 U.S. 458, 82 L.Ed 1461, 58 S.Ct 1019, 146 ALR 357 (1938)

[411 U.S. 486]

-23-

And Waley V. Johnston 316 U.S. 101, 86 L.Ed 1302, 62 S.Ct. 964 (1942) See Also Fay V. Naia, Supra, at 405-409, 9 LEd 2d 837, And Cases Cited at 409 n 17, 9 LEd 2d 837, Thus, whether the Petitioner's Challenge to His Custody Is that the statute under which he stands Convicted Is Unconstitutional, As In Exparte Siebold, Supra; that he [Petitioner] has been Imprisoned Prior to Trial on Account of A defective Indictment against Him, As In Exparte Royall, 117 U.S 241, 29 L.Ed 868, 6 S.Ct 734, (1886). that he Is Unlawfully Confined In The wrong Institution, As In RE Bonner, 151 U.S 242, 38 L.Ed 149, 14 S.Ct. 323 (1894) and Humphrey V. Cady, 405 U.S. 504 31 L.Ed 2d 394, 92 S.Ct. 1048 (1972). that he was denied His Constitutional Rights At Trial, As In Johnson V. Zerbst, Supra; that his Guilty Plea was Invalid, As In Von Moltke V. Gillies, 332 U.S 708, 92 L Ed 309, 68 S.Ct. 316 (1948); that he Is being Unlawfully detained by The Executive of The Military, As In Parisi V. Davidson, 405 U.S. 34, 31 LEd 2d 17, 92 S.Ct 815 (1972); or that his Parole After 30 years Incarcerated of Revoked, Causing Him to be Reincarcerated In Prison, As In Morrissey V. Brewer, 408 U.S 471, 33 L.Ed 2d 484, 92 S.Ct 2593 (1972) — in Each Case His grievance Is that [Petitioner] Is Beeing

-24-

* unlawfully subjected to Physical Restraint, and in each case Habeas Corpus has been accepted as the specific Instrument to obtain Release from such Confinement [411 U.S. 487) ~~Presiee~~ V. Rodriguez 411 US 448 - 486, At, 449. Jones V. Cunningham, 371 U.S. 236, 9 L.Ed 2d 285, the Courts for the first time decided that once Habeas Corpus Jurisdiction has attached, It Is not defeated by The Subsequent Release of The Prisoner.

Where The failure of The Sentencing Court Failed to Inform on All the Elements of Involuntary Manslaughter, the Court
* unlawfully subjected the Petitioner Moses Knight, Prose to Physical Restraint which 28 U.S.C. § 2254 Has Been Accepted As the Specific Instrument to obtain Release from such Confinement [411 U.S. 487]

-25-

Certificate of Service

I, Moses Knight AIS#109958, did Hereby disposit same In the United States Mail Done this, January 2nd, 2006

By sending same to United States Clerk At P.O. Box 711, montgomery, Alabama 36130, c/o The United States Federal Court for middle District of the United States

/S/ Moses Knight  #109958
P.O. Box 5107
Bullock Mental Health Prison
Union Springs, AL. 36089

-26-